John Y. Bonds, III
State Bar I.D. No. 02589100
Joshua N. Eppich
State Bar I.D. No. 24050567
H. Brandon Jones
State Bar I.D. No. 24060043
Shannon, Gracey, Ratliff & Miller, L.L.P.
420 Commerce Street, Suite 500
Fort Worth, Texas 76102
(817) 336-9333 telephone
(817) 336-3735 facsimile

PROPOSED ATTORNEYS FOR
DEBTORS AND DEBTORS-IN-
POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DUER WAGNER III OIL & GAS LP, et al., | § | JOINTLY ADMINISTERED |
| | § | |
| Debtors. [1] | § | CASE NO. 15-41961-11 |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
### METHODS, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES
### OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"). The Debtors prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Duer Wagner III Oil & Gas LP (Case No. 15-41961) [3782]; Duer Wagner III & Partners, LLC (Case No. 15-41962) [3782]; Duer Wagner III, Inc. (Case No. 15-41963) [9555]; Duer Wagner III Energy, LLC (Case No. 15-41964) [9555]; Bodine Oil & Gas, LP (Case No. 15-41973) [9245]; Jeffcoat LP (Case No. 15-41967) [9560]; Lett Oil & Gas , LP (15-41968) [9426]; Modano Oil & Gas, LP (Case No. 15-41970) [9520]; Norton Oil & Gas, LP (15-41966) [9563]; Nowitzki Oil & Gas, LP (15-41972) [4276]; Teixeira Oil & Gas, LP (15-41971) [4312]; Woodson Oil & Gas, LP (Case No. 15-41969 [6067]. The Debtors' address is 301 Commerce Street, Suite 1830, Fort Worth, Texas 76102.

These Global Notes and Statement of Limitations, Methods, and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. These Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements have been prepared by the Debtors' management and are unaudited and subject to further review and potential revision. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records as it was available at the time of preparation. The Debtors' management and advisors have made reasonable efforts to ensure that they are as accurate and complete as possible under the circumstances. However, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Notwithstanding any such discovery or new information, however, the Debtors may, but shall not be required to, update the Schedules and Statements.

**Global Notes Control**. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts, assumption or rejection of contracts under the provisions of Bankruptcy Code chapter 3, or causes of action arising under the provisions of Bankruptcy Code chapter 5 or any other relevant applicable laws to recover assets or avoid transfers.

**Description of the Case and "as of" Information Date**. On May 15, 2015 (the "Petition Date"), each of the Debtors filed a petition for relief with the Bankruptcy Court under Bankruptcy Code chapter 11. The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On May 22, 2015, the Bankruptcy Court entered an order jointly administering these cases pursuant to Bankruptcy Rule 1015(b).

Unless specifically noted otherwise, all asset values are as of the Petition Date, and all other amounts listed in the Schedules and Statements are as of the Petition Date.

**Corporate Structure**. A description of the Debtors' corporate structure is set forth in the Declaration of Steven N. Washuta in Support of Voluntary Petition and First Day Pleadings, which was filed on May 18, 2015.

**Amendment**. Although reasonable efforts were made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Thus, the Debtors reserve all rights, but shall not be required to, to amend or supplement their Schedules and Statements from time to time as may be necessary or appropriate.

**Basis of Presentation**. For financial reporting purposes, the Debtors and certain of

their non-Debtor affiliates historically prepare combined financial statements. Unlike the combined financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a noncombined basis. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the combined financial reports prepared by the Debtors for financial reporting purposes or otherwise.

Although these Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("GAAP"), the Schedules and Statements do not purport to represent or reconcile financial statements otherwise prepared or distributed by the Debtors in accordance with GAAP, income tax basis, or otherwise. To the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent or insolvent at the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was solvent or insolvent at the Petition Date or at any time prior to the Petition Date.

**Accounts Payable and Disbursement System**. Efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve their right to modify or amend the Schedules and Statements to attribute payables to a different legal entity, if appropriate. Payments made are listed by the entity making such payment, notwithstanding that many such payments may have been made on behalf of another entity. Because the Debtors from time to time act as agents or conduits for third parties, it is possible that a portion of some of the payables may actually be owed by non-Debtor entities.

**Intercompany Claims and Transfers**. Receivables and payables among the Debtors in these cases (each an "Intercompany Receivable" or "Intercompany Payable") are reported in the Schedules to the extent possible at this time. If a Debtor owes an Intercompany Payable, it is reported on Schedule F as a claim of such Debtor. To the extent a Debtor has an Intercompany Receivable, it is reported on Schedule B 16 as an asset of such Debtor. While the Debtors have used reasonable efforts to ensure that the proper intercompany balances are attributed to each legal entity, all rights to amend these items on the Schedules and Statements are reserved.

Intercompany transfers can be characterized in many ways. The Debtors reserve all of their rights with respect to the intercompany balances listed in the analysis, including, but not limited to, the appropriate characterization of such intercompany balances and the amounts of such balances, which are still being identified by the Debtors.

**Insiders**. For purposes of the Schedules and Statements, the term "insiders" shall have the meaning set forth in Bankruptcy Code section 101(31).

Persons listed in the Statements as insiders have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of

liability or for any other purpose.

**Recharacterization**. The Debtors have made reasonable efforts to characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly. The Debtors reserve all rights to recharacterize, reclassify, recategorize, and redesignate items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts listed herein were executory as of the Petition Date or remain executory postpetition and whether leases listed herein were unexpired as of the Petition Date or remain unexpired postpetition.

## Summary of Significant Reporting Policies.

Current Market Value and Net Book Value. In many instances, current market valuations are neither maintained by nor readily ascertainable by the Debtors. To the extent possible, the Debtors have used the Evaluation Report prepared by Cawley, Gillespie & Associates with pricing as of April 1, 2015 (the "CGA Evaluation Report"), adjusted to one hundred percent of the NYMEX price in valuing most oil and gas interests. To the extent an estimate of the value of the Debtors' assets is not listed in the CGA Evaluation Report, the Debtors have used their best efforts to estimate the assets value or provided that the value is unknown.

Liabilities. Unless otherwise indicated, all liabilities are listed as of the Petition Date. As previously stated, because the Debtors from time to time act as an agent or a conduit for others, some liabilities of the Debtors may actually be liabilities of a non-Debtor.

Credits and Adjustments. The claims of individual creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

Leases. In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases and joint operating agreements for property, minerals, or other real property interests and equipment from third-party lessors for use in the daily operation of their businesses. Any known pre-petition obligations of the Debtors' pursuant to the same have been listed on Schedule F. The underlying leases and joint operating agreements are listed on Schedule G, or, if the leases are in the nature of real property interests under applicable state law, on Schedule A. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement or a real property interest), and the Debtors reserve all rights with respect to such issues.

In addition, in the ordinary course of their business, the Debtors are parties to pooling agreements that relate to certain of the Debtors' oil and gas leases. Generally, pooling is the consolidation and combining of leased land with adjoining leased tracts. Pooling has the benefit to the production company of uniting all landowners' leases into a common pool and utilizing

one common underground geological reservoir. Such pooling agreements have not been included in response to the Schedules or Statements.

Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

Estimates. To close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make estimates, allocations, and assumptions that affect the reported amounts of assets and revenue and expenses as of the Petition Date. The Debtors reserve all rights, but shall not be required, to amend the reported amounts of assets, revenue, and expenses to reflect changes in those estimates and assumptions.

Totals. All totals that are included in the Schedules and SOFA's represent totals of all currently known amounts included in the Debtors' books and records as of the Petition Date. To the extent that there are undetermined amounts, and to the extent that the Debtors made postpetition payments on prepetition claims pursuant to the First Day Orders or other order of the Bankruptcy Court, the actual total may be different from the listed total.

Classifications. Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," or (c) on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim, contract, or lease.

Claims Description. Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their respective Schedules on any grounds, including, without limitation, amount, liability, validity, priority, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right, but shall not be required, to amend the Schedules accordingly.

Guarantees and Other Secondary Liability Claims. The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements. The Debtors' review of their contracts in such regard is ongoing. Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees. The Debtors have placed Guarantee obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Such Guarantees were additionally placed on Schedule D or Schedule F, as appropriate, for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G. Further, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional

Guarantees are identified. In addition, the Debtors reserve the right, but shall not be required, to amend the Schedules and Statements to recharacterize or reclassify any such contract, lease, claim, or Guarantee.

Causes of Action. The Debtors, despite their best efforts, may not have listed all of their causes of action (filed or potential) against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

With respect to informal disputes, upon receipt of a fully executed settlement agreement, the Debtors release the funds in question to the appropriate third party as directed by the settlement agreement.

Schedule A – Real Property. Under Texas law, which governs the Debtors' operations with respect to their oil and gas leases in the United States, a landowner's royalty interests, overriding royalty interests, non-executive mineral interests, and non-participating royalty interests are real property interests in land. The Debtors have included information about the leases governing such interests on Schedule A, but have not duplicated such leases on Schedule G regardless of whether such leases may be executory contracts within the meaning of Bankruptcy Code section 365. Specifically, the Debtors have included the county and state where such leases are located; however, the Debtors have not listed out each lease individually. Certain of the leases reflected on Schedule A may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A. The Debtors hereby expressly reserve the right to assert that any lease listed on Schedule A is an executory contract within the meaning of Bankruptcy Code section 365. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

The Debtors are continuing their review of all relevant documents and reserve the right to amend all Schedules at a later time as necessary, or otherwise recharacterize their interests in such real property at a later date. Further, due to the volume of the Debtors' real and personal property holdings, the Debtors may have listed certain assets as real property when such holdings are, in fact, in the nature of personal property holdings or an executory contract, or the Debtors may have listed certain assets as personal property assets when such holdings are, in fact, real property holdings. The Debtors reserve all of their rights, but shall not be required, to recategorize and/or recharacterize such asset holdings at a later time to the extent that the Debtors determine that such holdings were improperly listed.

The Debtors' failure to list any rights in real property on Schedule A should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

Schedule B – Personal Property. Personal property owned by any of the Debtors is

listed in the Schedule B for that individual Debtor. To the extent that the Debtors have not been able to identify the actual physical location of certain personal property, the Debtors have reported the address of that individual Debtor's principal place of business.

Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

Schedule B(16) – Accounts Receivable. In the ordinary course of the Debtors' business, cash settlements must occur after the completion of an accounting settlement cycle, which typically takes 60 days following a production month-end. The timeframe to a net proceed calculation for a given production month requires the following steps: invoicing of joint interest partners and purchasers, payment of capital and operating expenses, receipt of gross sales revenues, receipt of joint interest billing payments, and disbursement of payments to working interest royalty owners. These steps are necessarily accomplished over the span of 60 days following the end of a month. The Debtors have not included an allowance for doubtful accounts receivable in their response to Schedule B.

Schedule B(21) – Other Contingent and Unliquidated Claims of Every Nature, Including Tax Refunds, Counterclaims of the Debtor, and Rights to Setoff Claims. In the ordinary course of their business, the Debtors may have or may accrue certain rights to refunds, counterclaims, setoffs, refunds, or potential claims. Such claims are not known and quantifiable as of the Petition Date, and accordingly, are not listed on Schedule B.

Schedule B(22) – Patents, Copyrights, and Other Intellectual Property and B(23) – Licenses, Franchises, and Other General Intangibles. In the ordinary course of their business, the Debtors may obtain permits from federal, state, and local government authorities and from regulatory bodies. The Debtors believe that these permits have little or no cash value and have not included them in their response to Schedule B.

Schedule B(28) – Office Equipment, Furnishings and Supplies and B(29) – Machinery, Fixtures, Equipment and Supplies Used in Business. Although the Debtors have made every effort to ensure the accuracy of Schedules B(28) and B(29), inadvertent errors, omissions, or inclusion may have occurred. Additionally, there may be certain assets the value for which is included in a fixed asset group or certain assets with a net book value of zero which are not set forth on Schedule B(28) or B(29).

Schedule D – Creditors Holding Secured Claims. Except as otherwise agreed pursuant to a stipulation and agreed order or general order entered by the Bankruptcy Court that is, or becomes, final, the Debtors and their successors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such all creditors may have a lien has been undertaken.

The Debtors reserve all rights to dispute or challenge the secured nature of any such

creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions in Schedule D are intended to be only a summary. Reference to the applicable agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

In the ordinary course of the Debtors' business, payments and costs associated with oil and gas interests owned by non-Debtor third parties are processed through the Debtors ("Non-Debtor Interests") who act as conduits for the Non-Debtor Interests. The Debtors do not own the Non-Debtor Interests or the proceeds from the Non-Debtor Interests. Likewise, the Debtors are not liable for the expenses associated with the Non-Debtor Interests. Nonetheless, certain amounts owed which are included on Schedule D may include amounts owed by non-Debtors on the Non-Debtor Interests. By their inclusion on Schedule D, the Debtors are in no way accepting liability for any amounts owed on account of Non-Debtor Interests and the Debtors reserve their rights to request and demand payment by the applicable non-Debtors.

The claims listed on Schedule D arose, or were incurred, on various dates, and a determination of each date upon which each claim arose, or was incurred, would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen, or to have been incurred, prior to the Petition Date.

Schedule E – Creditors Holding Unsecured Priority Claims. Listing a claim on Schedule E as "unsecured priority" does not constitute an admission by the Debtors of the legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule E, including, but not limited to, claims in excess of $12,475 (as applicable), does not constitute an unsecured priority claim under Bankruptcy Code section 507 thereby constituting an unsecured nonpriority claim.

The claims listed on Schedule E arose, or were incurred on, various dates and a determination of each date upon which each claim arose, or was incurred, would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E, however, appear to have arisen, or to have been incurred, on or before the Petition Date.

Schedule F – Creditors Holding Unsecured Nonpriority Claims. Listing a claim on Schedule F as "unsecured nonpriority" does not constitute an admission by the Debtors of any legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule F does not constitute an unsecured nonpriority claim (including the right to assert that any such claim constitutes a secured or priority claim). Additionally, noting that a claim on Schedule F is "subject to setoff" does not constitute an admission by the Debtor

of the legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule F is not subject to setoff or dispute any claim to such setoff.

The Debtors have attempted to relate all liabilities to the applicable Debtor. However, due to the related nature of the Debtors' businesses, debts of one Debtor may be inadvertently listed on the Schedules of another. Readers of the Schedules should review all of the Debtors' Schedules for a complete understanding of the unsecured debts of the Debtors.

The Debtors may have certain rights of setoff and/or recoupment with respect to the claims set forth on Schedule F. The Debtors reserve all rights to challenge such setoff and/or recoupment rights asserted. Additionally, certain creditors may assert mechanic's, materialman's, or other statutory liens against the Debtors for amounts listed on Schedule F. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.

Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims listed on Schedule F arose, or were incurred, on various dates, and a determination of each date upon which each claim arose, or was incurred, would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule F, however, appear to have arisen, or to have been incurred, prior to the Petition Date.

Schedule G – Executory Contracts and Unexpired Leases. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, the Debtors' review is ongoing, and inadvertent errors, omissions, or over-inclusion may have occurred.

Under Texas law, which governs the Debtors' operations with respect to the oil and gas leases in the United States, a royalty interests, overriding royalty interests, non-executive mineral interests, and non-participating royalty interests are real property interests in land. The Debtors have included the leases governing such interests on Schedule A, but have not duplicated such leases on Schedule G regardless of whether such leases may be executory contracts within the meaning of Bankruptcy Code section 365. The Debtors hereby expressly reserve the right to assert that any lease listed on Schedule A is an executory contract within the meaning of Bankruptcy Code section 365.

Any and all of the Debtors' rights, claims, and causes of action with respect to the contracts, agreements, and leases listed on Schedule G are hereby reserved and preserved. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary.

The Debtors may have included certain interests in real property on Schedule G. The

placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any agreement listed on Schedule G does not constitute an executory contract within the meaning of Bankruptcy Code section 365.

Certain of the contracts, agreements, and leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations may not be set forth on Schedule G.

The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Further, the Debtors may be parties to various other agreements concerning real property, such as supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G.

The Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G. However, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the Debtors have listed certain contracts, agreements, and leases on Schedule G of the Debtor entity corresponding to the applicable contracting entity, which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease. Additionally, certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.

<u>Schedule H – Co-Obligors</u>. Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtors further reserve all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guarantee, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Thus, the Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that

additional guarantees are identified or such guarantees are discovered to have expired or unenforceable.

Statements Question 2 – Other Income. From time to time, the Debtors may have de minimis income from sources other than the operation of business that is not provided in response to Statement Question 2.

Statements Question 3(b) and (c) – Payments to Creditors. The Debtors' response to Statement Question 3(b) may include remittances of overriding royalties to the owners of those interests, and the holders of non-executive mineral interests, holders of non-participating working interests, as well as the holders of non-participating royalty interests pursuant to applicable agreements. Such remittances do not represent property of the Debtors' estates. Specifically, following the sale of production and the receipt of proceeds attributable thereto, the Debtors are obligated to remit the net amount of those proceeds belonging to the owner of the working interest, net of all applicable mineral interests, gathering costs, processing and transportation expenses, and production taxes, as applicable. Certain agreements require the Debtors to process and forward to the appropriate parties, from funds otherwise belonging to third parties, the amounts due on account of such interests and expenses. The foregoing amounts are not property of the Debtors' estates, but may be included in response to Statement Question 3(b).

All amounts that remain outstanding to any creditor listed on Statement Question 3 are reflected on Schedules D, E, and F, as applicable. Any creditor wishing to verify any outstanding indebtedness should review those schedules.

Certain intercompany transactions are accounted for through transfers of cash to and from appropriate bank accounts in and out of the Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the Debtors and their Debtor and non-Debtor affiliates. These payments and transactions have not been listed. The Debtors' response includes payments made to such creditors who are or were insiders only to the extent that such payments were made during the time in which the creditor was an insider and only in that creditor's capacity as an insider.

Statements Question 9 – Payments Related to Debt Counseling or Bankruptcy. In response to Question number 9 on the Statement of Financial Affairs, the Debtors collectively paid Shannon Gracey Ratliff & Miller, LLP ("Shannon Gracey") the sum of $211,681.25 during the one year prior to the filing of the petitions. Of that amount, $106,348.75 was paid to Shannon Gracey for the legal services relating to bankruptcy prior to May 15, 2015 and $105,332.50 is being held by Shannon Gracey as a retainer for future services. All payments to Shannon Gracey were made within the ninety days prior to the Petition Date. The Debtors have not yet allocated the payment of such fees between the various Debtors.

Statements Question 10 – Transfers Outside of the Ordinary Course of Business. Debtors do not believe that there have been any transactions made outside of the ordinary course of their business. In the interest of trying to make sure that the Debtors have fully disclosed transactions which may be responsive to Question 10, the Debtors list the following transfers. Nothing in the Debtors' response to Question 10 constitutes an admission the

Debtors that such transfers were outside of the ordinary course of the Debtors' business.

Statements Question 13 – Setoffs.  The Debtors routinely incur setoffs and netting of payments during the ordinary course of their business. Setoffs and nettings in the ordinary course can result from various items. These normal setoffs and nettings are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all normal set-offs.

Statements Question 14 – Property Held for Another Person.  In connection with their oil and gas assets, the Debtors are obligated, pursuant to their oil and gas leases and other agreements, to remit to other parties their share of revenue from the producing wells pursuant to the terms of their oil and gas interests and agreements. In addition, overriding royalties must be remitted to the owners of those interests, and the holders of non-executive mineral interests, as well as the holders of nonparticipating royalty interests, must receive the proceeds due to them pursuant to the applicable agreement.

Certain agreements require the Debtors to process and forward to the appropriate parties, from funds otherwise belonging to third parties, the amounts due on account of oil and gas interests.

Statements Question 23 – Distributions to an Insider.  Payments to insiders have been listed in response to Statements Question 3(c). Certain intercompany transactions are accounted for through transfers of cash to and from appropriate bank accounts in and out of the Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the Debtor and its Debtor and non-Debtor affiliates. These payments and transactions have not been listed. However, readers of the Schedules and Statements wishing to verify any outstanding Intercompany Payables and Intercompany Receivables should refer to Schedules B16, D, or F, as applicable.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Northern District of Texas

In re **Duer Wagner III & Partners, LLC**      Case No.   **15-41962-11**

                            Debtor(s)          Chapter    **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

**None**
■

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

       AMOUNT             SOURCE

---

### 2. Income other than from employment or operation of business

**None**
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

       AMOUNT             SOURCE

B7 (Official Form 7) (04/13)
2

### 3. Payments to creditors

None ■

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

**5. Repossessions, foreclosures and returns**

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
4

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Shannon, Gracey, Ratliff & Miller, L.L.P** **420 Commerce Street** **Suite 500** **Fort Worth, TX 76102** | 05/15/15 | **$1717.00 - Filing Fee (See Global Notes and Statement of Limitations, Methods, and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs.)** |

---

**10. Other transfers**

None
■    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None
■    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12. Safe deposit boxes**

None
■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None
■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

B7 (Official Form 7) (04/13)
5

**14. Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Jeffocat LP** | **75-2509560** | **301 Commerce Street, Suite 1830 Fort Worth, TX 76102** | **Oil and gas producer** | **2/23/94** |
| **Norton Oil & Gas, LP** | **75-2509563** | **301 Commerce Street, Suite 1830 Fort Worth, TX 76102** | **Oil and gas producer** | **2/23/94** |
| **Lett Oil & Gas, LP** | **75-2509554** | **301 Commerce Street, Suite 1830 Fort Worth, TX 76102** | **Oil and gas producer** | **8/21/96** |
| **Woodson Oil & Gas, LP** | **75-2696067** | **301 Commerce Street, Suite 1830 Fort Worth, TX 76102** | **Oil and gas producer** | **3/13/97** |
| **Modano Oil & Gas, LP** | **01-0669520** | **301 Commerce Street, Suite 1830 Fort Worth, TX 76102** | **Oil and gas producer** | **4/23/02** |
| **Nowitzki Oil & Gas, LP** | **20-2414276** | **301 Commerce Street, Suite 1830 Fort Worth, TX 76102** | **Oil and gas producer** | **3/1/05** |
| **Teixeira Oil & Gas, LP** | **20-2414312** | **301 Commerce Street, Suite 1830 Fort Worth, TX 76102** | **Oil and gas producer** | **3/1/05** |
| **Bodine Oil & Gas, LP** | **45-3219245** | **301 Commerce Street, Suite 1830 Fort Worth, TX 76102** | **Oil and gas producer** | **9/9/11** |

None


b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                             ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

B7 (Official Form 7) (04/13)
7

---

**19. Books, records and financial statements**

None ☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Roy E. Guinnup**<br>**301 Commerce Street, Suite 1830**<br>**Fort Worth, TX 76102** | **Prior to 05/15/13 - Current** |

None ☐    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **BDO** | **700 North Pearl Street, Suite 2000**<br>**Dallas, TX 75201** | **May/June 2014 audit report. Mailed to LNV Corporation on 6/3/14.**<br>**May/June 2015 audit report. Not yet complete.** |
| **Price Waterhouse Coopers, LLP** | **301 Commerce Street, Suite 2300**<br>**Fort Worth, TX 76102** | **August/September 2013 - tax work**<br>**August/September 2014 - tax work** |

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Roy E. Guinnup** | **301 Commerce Street, Suite 1830**<br>**Fort Worth, TX 76110** |
| **BDO** | **700 North Pearl Street, Suite 2000**<br>**Dallas, TX 75201** |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **LNV Corporation**<br>**1970 Village Center Circle, Suite 1**<br>**Las Vegas, NV 89134** | **Audit report mailed on 6/3/14.** |

---

**20. Inventories**

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None ■    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

---

B7 (Official Form 7) (04/13)
8

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Duer Wagner III** | **President** | **100%** |
| **Roy E. Guinnup**<br>**2812-A Wayside Avenue**<br>**Fort Worth, TX 76110** | **CFO, Secretary & Treasurer** | |
| **Steve Washuta**<br>**1613 Western Avenue**<br>**Fort Worth, TX 76107** | **Chief Operating Officer** | |

---

**22 . Former partners, officers, directors and shareholders**

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Rex McSwain**<br>**8535 Rolling Oaks Drive**<br>**Montgomery, TX 77356** | **Chief Financial Officer** | **March 2015 (partial retirement - now an employee)** |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None ☐    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **Duer Wagner III** | **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** |

---

**25. Pension Funds.**

None ■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

\* \* \* \* \* \*

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

B7 (Official Form 7) (04/13)
9

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date __June 17, 2015__          Signature _____, CFO

Roy E. Quinnup
Chief Financial Officer

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*